J-S72043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN JOSEPH RICHARDSON, | : | |
| | : | |
| Appellant. | : | No. 898 MDA 2018 |

Appeal from the PCRA Order, May 2, 2018,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0002203-2014,
CP-22-CR-0004265-2004.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 26, 2019**

John Joseph Richardson appeals from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.  §§ 9541-46.[1]  We affirm.

The PCRA court summarized the facts and procedural history surrounding Richardson's initial charges as follows:

> On April 7, 2006, pursuant to a negotiated plea agreement, [Richardson] pleaded guilty at docket number 4265 CR 2004 to one count each of Statutory Sexual Assault

_____

[1] Although Richardson's notice of appeal contains two docket numbers, our review of the record reveals that the second docket number involves his original charges and that this appeal only involves the first docket number. Thus, although the notice of appeal technically bears two docket numbers, Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each docket number), are not implicated.

(Count I), Unlawful Contact with a Minor (Count II), Indecent Assault (Count III), and Corruption of Minors (Count IV). Sentencing was deferred until July 26, 2006, pending a Megan's Law assessment and a presentence investigation. According to the Megan's Law assessment, the Commonwealth determined that [Richardson] did not constitute a sexually violent predator. On July 26, 2006, [Richardson] was sentenced to serve two to five (2-5) years of state incarceration on Count I, a consecutive seven (7) years of probation on Count II, and one-and-a-half to three (1 ½ to 3) years of incarceration on Count IV, consecutive to Count I. Count III merged with Count II for sentencing purposes.

PCRA Court Opinion, 7/23/18, at 1.

The PCRA court then discussed the charge at issue, and the post-conviction proceeding that gives rise to this appeal, as follows:

In August of 2013, while [Richardson] was still on probation in connection with his 2006 conviction, [Richardson] allegedly absconded from his residence at a halfway house in Harrisburg and traveled to another state without notifying the Pennsylvania State Police of his address change within three business days. [Richardson's] alleged actions constituted both a violation of Megan's Law, as well as a violation of the terms of his probation. On September 2, 2014, at Docket 2203 CR 2014, [Richardson] pleaded guilty to Failure to Register (a third-degree felony) in violation of 18 [Pa.C.S.A.] § 4915.1(a)(1). Pursuant to a negotiated plea agreement, [Richardson] was sentenced to 1 to 2 years in state prison to be followed by a consecutive 2-year term of probation. Also on September 2, 2014, pursuant to the same negotiated plea agreement, [Richardson] pleaded guilty to a probation violation at Docket 4265 CR 2004. On that docket, he was sentenced to 1 to 5 years in state prison, consecutive to Docket 2203 CR 2014.

On November 15, 2017, [Richardson] filed a *pro se* [PCRA petition]. [Richardson] was appointed counsel, and on January 12, 2018, PCRA counsel filed an Amended PCRA Petition on [Richardson's] behalf. [Richardson] claimed that

the registration requirements for the Sex Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S.[A.] §§ 9799.10-9799.41, which was enacted after his 2006 conviction, had been applied to him retroactively in violation of the Supreme Court of Pennsylvania's recent decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). Evidently, [Richardson's] original 2006 sentence required him to conduct sex-offender registry with the Pennsylvania State Police for a period of only 10 years, whereas the subsequent enactment of SORNA imposed a lifetime-registration requirement on [Richardson] because he is classified as a "Tier 3" sexual offender. Thus, [Richardson] requested that his original 10-year registration requirement which was imposed upon him at his original sentencing be reinstated, and that he be permitted to withdraw his guilty plea he entered on September 2, 2014 for Failure to Register.

On May 2, 2018, this Court conducted PCRA hearing in the instant matter. At the hearing, [Richardson] and the Commonwealth stipulated that [Richardson] should be a 10-year Megan's Law registrant rather than a lifetime registrant. Therefore, we re-imposed [Richardson's] registration requirement effective July 26, 2006, under 42 Pa.C.S.A. § 9799.55(a)(1)(i)(A). However, we denied [Richardson's] request to withdraw his September 2, 2014 guilty plea for Failure to Register.

PCRA Court Opinion, 7/23/18, at 1-3.

The PCRA court denied post-conviction relief because the PCRA petition was untimely filed and Richardson "had not demonstrated the applicability of any exceptions to the PCRA timeliness requirement." ***Id.*** at 3. This timely appeal follows. Both Richardson and the PCRA court have complied with Pa.R.A.P. 1925.

Richardson raises the following issue on appeal:

I.   Whether the PCRA court erred in dismissing Richardson's PCRA petition as HB 631 (which was

recently signed into law) is unconstitutional and punitive?

*See* Richardson's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the issue Richardson raises on appeal, we must first determine whether the PCRA court correctly concluded that his PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Richardson's judgment of sentence became final on October 2, 2014, thirty days after he failed to file an appeal to this Court following the imposition of his sentence on September 2, 2014. Thus, in order to be timely, Richardson had to file his PCRA petition by October 2, 2015. As he filed the petition at issue in 2017, it is untimely, unless Richardson satisfied his burden

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Richardson has failed to establish any exception to the PCRA's time bar. Within his brief, he first acknowledges that his PCRA petition is untimely, but "claims a timeliness exception under 42 Pa.C.S.A. §9545(b)(2) as he filed said Petition within sixty (60) days of the date the claim could have been presented." Richardson's Brief at 9. Richardson provides no further discussion. As noted by the PCRA court, while Richardson relies upon our Supreme Court's decision in **Muniz**, **supra**, the **Muniz** decision was filed on July 19, 2017, approximately three months prior to Richardson filing his PCRA petition on November 15, 2017. **See** PCRA Court Opinion, 7/23/18, at 5 n.1.

Moreover, even if Richardson had filed his PCRA petition within sixty days of the **Muniz** decision, he would still not be entitled to post-conviction relief. This Court has held that "the recent holding in **Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Richardson's PCRA petition was untimely, unlike the timely PCRA petition at issue in **Rivera-Figueroa**, he must demonstrate that the Pennsylvania Supreme Court has held **Muniz** applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Because our Supreme Court has yet to reach this conclusion, he cannot rely on **Muniz** to establish that time-bar exception. **See Commonwealth v. Murphy**, 180

A.3d 402, 405-06 (Pa. Super. 2018). However, if our Supreme Court should hold that **Muniz** applies retroactively, as an exception to the PCRA time bar, Richardson can then file another PCRA petition, within sixty days of that decision, attempting to invoke the "new constitutional right" exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). **See id.** at 406, n.1.

In light of the foregoing, we conclude that Richardson's PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA's timeliness requirements. As such, the PCRA court correctly concluded that it lacked jurisdiction, and we affirm the court's order denying Richardson post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/26/2019